# United States District Court
# for the Southern District of Georgia
# Savannah Division

DEXTER JOHNSON,            )
                           )
    Movant,              )
                           )
v.                         )      CV417-163
                           )      CR416-086
UNITED STATES OF AMERICA,  )
                           )
    Respondent.          )

## ORDER

Movant Dexter Johnson objects to the Court's Report and Recommendation that his motion to vacate his sentence be denied. Doc. 45.[1] Johnson objects that counsel failed to raise objections to the Presentence Investigative Report (PSR), an omission constituting *per se* ineffective assistance of counsel. *Id.* at 4. But counsel *did* lodge objections to the PSR, which were resolved before sentencing (*see* PSR Addendum), *and* argued at sentencing that the PSR unfairly added three points for a 2000 controlled substance conviction that should be discounted. Doc. 38 at 3, 4-5. His failure to now specify *which* additional objections counsel failed to make only underscores the

---

[1] The Court is citing to the criminal docket in CR416-086 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

inadequacy of his pleading.[2] *See* doc. 45 at 1-6 (conclusorily arguing that counsel was deficient for failing to make unnamed and undescribed objections to the PSR prior to sentencing, leading to an unidentified error in his sentencing calculation). He also contends counsel was *per se* ineffective for failing to file any pretrial motions, but does not even hint at what motions should have been filed or their basis. *Id.* at 8; *cf.* doc. 20 at 4-5 (affirming that he is pleading guilty because "he is, in fact, guilty of this offense" and agreeing to the factual accuracy of the Government's charge against him, possession of a firearm as felon).

He also, however, makes fresh allegations that his plea waiver was involuntarily made, as counsel induced him to sign the Notice of Post-Conviction Consultation[3] without permitting

---

[2] A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer). Movants "cannot simply "laundry list" conceived claims without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them." *Stanton v. United States*, 2017 WL 977504 at *6 (S.D. Ga. Jan. 9, 2017).

[3] As set forth in the Court's Report and Recommendation:

> The Notice is a document this Court developed to *memorialize* counsel's consultation with his client and reflect the client's appeal decision. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

him time to read it or explain its significance. Doc. 45 at 7. Even crediting his testimony that he signed it without reading it, that document merely memorializes their conversations -- it does not replace Johnson's own sworn testimony at any other stage of his plea. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

Johnson explicitly "waive[d] his right to a direct appeal of his conviction and sentence on any ground . . . [except] if (1) the court enters a sentence above the statutory maximum, (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the Court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal." Doc. 20 (plea agreement) at 10-11. None of those exceptions is applicable here: he was sentenced to 80 months' imprisonment, doc. 28, well below the statutory maximum of 120 months' imprisonment and dead center of the advisory guideline range. Doc. 38 at 3 & 10; PSR at ¶ 67 (advisory range of 70 to 87 months). Johnson then *swore under*

---

Doc. 40 at 5 n. 2 (emphasis added).

*oath* that counsel had fully explained his appeal waiver to him, and that he understood he was giving up his right to appeal his conviction and sentence when he signed the appeal waiver. Doc. 37 at 7-8, 13. In fact, the Court emphasized the waiver of his appeal rights, including the three exceptions to that waiver, and Johnson again swore he understood and agreed to those terms. *Id.* at 14. His contention now that he would have appealed had he known he could be sentenced up to 80 months (doc. 45 at 1-6) is not enough to overcome his solemn declaration in open court to the contrary. *Blackledge*, 431 U.S. at 73-74.

Though he contends that the Court's explanation is not enough to "absolve counsel from the duty to consult about the substance of the right to appeal" prior to having him sign the Notice of Post-Conviction Consultation, not one of the three exceptions to his signed, affirmed, and attested appeal waiver applied. He was sentenced four years *below* the statutory maximum and mid-Guidelines range, so his appeal waiver still applied in full. Absent any cause to appeal, counsel cannot be deficient for failing to file a meritless appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press [even] *nonfrivolous* points requested by the client") (emphasis added); *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436 (1988) (the constitutional right to appellate representation does not

AO 72A
(Rev. 8/82)

4

include a right to present frivolous arguments to the court); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (the appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . .").

Aside from general dissatisfaction with his final 80-month sentence, it is unclear precisely what Johnson thinks ought to have been done better at the pleading stage. *See* docs. 35 & 45. But his regret that things didn't go as well as he might have hoped cannot sustain an ineffective assistance of counsel claim. *See Freeman v. United States*, 2011 WL 2680494 at *5 (N.D. Ga. June 10, 2011) ("All [m]ovant shows is that [he] would have preferred a more favorable plea agreement -- such a showing could be made by almost anyone who has entered a guilty plea."). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.[4]

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or

---

[4] Because his motion is without merit and his contentions are unambiguously contradicted by the record, Johnson's request for an evidentiary hearing (doc. 45 at 2) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482-84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[5] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, movant is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 4 day of April, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.